# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| In re: | Abbatemarco Sr, James J | § | Case No. 09 B 16138 |
|---|---|---|---|
| | | § | |
| | Debtor | § | |
| | | § | |

# CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Marilyn O. Marshall, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 05/04/2009.

2) The plan was confirmed on 07/30/2009.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on (NA).

4) The trustee filed action to remedy default by the debtor in performance under the plan on 04/12/2012.

5) The case was dismissed on 04/12/2012.

6) Number of months from filing or conversion to last payment: 29.

7) Number of months case was pending: 39.

8) Total value of assets abandoned by court order: (NA).

9) Total value of assets exempted: $19,250.00.

10) Amount of unsecured claims discharged without full payment: $0.

11) All checks distributed by the trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (09/01/2009)

**Receipts:**

| | |
|---|---:|
| Total paid by or on behalf of the debtor | $17,400.00 |
| Less amount refunded to debtor | $0 |
| **NET RECEIPTS:** | **$17,400.00** |

**Expenses of Administration:**

| | |
|---|---:|
| Attorney's Fees Paid Through the Plan | $1,800.00 |
| Court Costs | $0 |
| Trustee Expenses & Compensation | $939.95 |
| Other | $0 |
| **TOTAL EXPENSES OF ADMINISTRATION:** | **$2,739.95** |
| Attorney fees paid and disclosed by debtor | $1,700.00 |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---:|---:|---:|---:|---:|
| Cook County Treasurer | Secured | $0 | NA | NA | $0 | $0 |
| Fifth Third Bank | Secured | $15,451.00 | $15,038.81 | $15,038.81 | $14,660.05 | $0 |
| Wachovia Mortgage | Secured | $188,105.00 | $188,903.00 | $188,903.00 | $0 | $0 |
| Wachovia Mortgage | Secured | $14,746.00 | $14,727.59 | $14,727.59 | $0 | $0 |
| American Express Centurion | Unsecured | $21,451.00 | $21,610.39 | $21,610.39 | $0 | $0 |
| Amex | Unsecured | $567.00 | NA | NA | $0 | $0 |
| Chase Bank USA NA | Unsecured | $0 | $7,414.32 | $7,414.32 | $0 | $0 |
| East Bay Funding | Unsecured | $2,177.00 | $2,235.26 | $2,235.26 | $0 | $0 |
| ECast Settlement Corp | Unsecured | NA | $15,647.73 | $15,647.73 | $0 | $0 |
| ECast Settlement Corp | Unsecured | $14,951.00 | $14,952.02 | $14,952.02 | $0 | $0 |
| ECast Settlement Corp | Unsecured | $15,251.00 | $15,340.36 | $15,340.36 | $0 | $0 |

| **Summary of Disbursements to Creditors:** | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $203,630.59 | $0 | $0 |
| Mortgage Arrearage | $0 | $0 | $0 |
| Debt Secured by Vehicle | $15,038.81 | $14,660.05 | $0 |
| All Other Secured | $0 | $0 | $0 |
| **TOTAL SECURED:** | $218,669.40 | $14,660.05 | $0 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0 | $0 | $0 |
| Domestic Support Ongoing | $0 | $0 | $0 |
| All Other Priority | $0 | $0 | $0 |
| **TOTAL PRIORITY:** | $0 | $0 | $0 |
| **GENERAL UNSECURED PAYMENTS:** | $77,200.08 | $0 | $0 |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | $2,739.95 |
| Disbursements to Creditors | $14,660.05 |
| **TOTAL DISBURSEMENTS:** | $17,400.00 |

UST Form 101-13-FR-S (09/01/2009)

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date: August 28, 2012  By: /s/ MARILYN O. MARSHALL
                                 Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.